60 F.3d 834
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Arthur C. O'HAGAN; Michele M. O'Hagan, Plaintiffs-Appellants,
v.
The MOUNTAIN STATES TELEPHONE & TELEGRAPH COMPANY, dba U.S.
West Communications, Inc., Defendant-Appellee.
 No. 94-16968.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided July 3, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur C. and Michele M. O'Hagan, Chapter 7 debtors, appeal pro se the district court's dismissal as moot of their appeal from the bankruptcy court's order authorizing the sale of a bankruptcy estate asset to U.S. West Communications, Inc. (U.S. West). The O'Hagans contend their appeal was not moot even though they failed to obtain a stay of the sale of the asset, an interest in their Employee Retirement Income Security Act (ERISA) action against U.S. West, because U.S. West's purchase was in bad faith. We affirm.
 
 
 3
 The failure to obtain a stay moots an appeal from a bankruptcy court order authorizing the sale of property if the purchaser bought the property in good faith. 11 U.S.C. Sec. 363(m). The purchaser's "'attempt to take grossly unfair advantage of other bidders,"' In re Ewell, 958 F.2d 276, 281 (9th Cir. 1992) (quoting In re Suchy, 786 F.2d 900, 902 (9th Cir. 1985)), or improper purpose, In re Adams Apple, Inc., 829 F.2d 1484, 1489 (9th Cir. 1987), may establish lack of good faith.
 
 
 4
 Here, the bankruptcy trustee moved to sell the bankruptcy estate's interest in the O'Hagans' ERISA action to the O'Hagans for $500.[1] In response, U.S. West bid $1000 for this asset. The bankruptcy court approved the sale to U.S. West because sale to the highest bidder was in the estate's best interest and because the court "[could not] find a lack of good faith in [U.S. West's] offer." The district court affirmed the finding that U.S. West acted in good faith, rejecting the O'Hagans' argument that "a Defendant in a lawsuit is not a good faith purchaser of [its] own case from a Trustee."
 
 
 5
 The O'Hagans contend that U.S. West acted in bad faith because it took unfair advantage of its superior bidding power in the bankruptcy proceeding to accomplish the improper purpose of ending the ERISA litigation. They observe that after purchasing the ERISA claim asset, U.S. West moved for substitution as appellant and voluntary dismissal of the ERISA appeal.
 
 
 6
 We decline to hold that as a matter of law, a defendant in a lawsuit cannot in good faith purchase the plaintiff's bankruptcy estate's interest in the lawsuit. Here, for example, if the bankruptcy estate's interest in the ERISA appeal was worth less than $1000, then U.S. West could not unfairly benefit from the $1000 sale. See Ewell, 958 F.2d at 281; Adams Apple, Inc., 829 F.2d at 1489. The O'Hagans base their argument on the assumption that the interest in the ERISA appeal was worth far more than $1000. They, however, bid only $500 for this asset, and they did not present evidence of its higher value to the district court. Given these circumstances, we affirm the district court's finding of good faith, and its dismissal of the O'Hagans' appeal as moot.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court dismissed the ERISA action, and the O'Hagans appealed to this court. This court has stayed the ERISA appeal, No. 92-16728, pending the decision in this appeal, No. 94-16968